IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| PRESTIGE FORD-LINCOLN-MERCURY, INC. | ) | Bankr. Case No. 09-71721 |
| *t/a Pounding Mill Ford,* | ) | |
| | ) | |
| Debtor. | ) | Chapter 11 |
| | ) | |

<u>Objection to Amended Application for Employment of Professional</u>

Comes now the United States Trustee for the Western District of Virginia and objects to the Amended Application by Debtor and Debtor-in-Possession Authorizing Retention and Employment of James B. Rivenbark ("amended application") and in support thereof states as follows:

1. By an amended application dated December 23, 2009, the debtor-in-possession seeks to employ James B. Rivenbark ("Rivenbark") as a business broker.

2. Previously, by application dated July 8, 2009, the debtor-in-possession sought to employ Rivenbark in the same capacity.[1]

3. The original application recited that the services to be provided by Rivenbark are "...brokering the sale of the Debtor's asset to the highest and best bidder." Application ¶ 6.

4. According to testimony offered by Rivenbark in support of the initial application, with the limited exception of possibly drafting a Bill of Sale under the supervision of debtor's counsel, all services referenced in the initial application were completed prior to the filing. As a result, there appeared to be no need for the estate to employ Rivenbark. On that bases and

---

[1] The original application dated July 8, 2009 will be referred to as the "initial application."

others, the United States Trustee objected to the application.

5. When the initial purchaser was unable to consummate the purchase of substantially all of the debtor's assets, the application to employ Rivenbark was withdrawn.

6. Subsequent to the withdrawal of the application, another purchaser was located for the purchase of substantially all of the debtor's assets. An order was entered on October 29, 2009 approving the sale of the debtor's assets.

7. Approximately two months after the sale of substantially all of the debtor's assets and more than three months after a revised contract was signed between Rivenbark and the debtor, the amended application was filed on behalf Rivenbark seeking to not only approve the employment but $53,500 in fees as well.

8. The granting of retroactive approval of an employment application is extraordinary relief. It is even more extraordinary when the original application for this applicant was withdrawn after objection. However, no explanation of any facts or circumstances which justify the granting of such relief is contained within the application. Absent such a demonstration, the amended application to employ should be denied.

9. Despite seeking $53,500 in fees, aside from pointing out that the debtor's assets were sold for $800,000, the amended application offers no explanation of facts or circumstances which justify the awarding of these fees. Given the failure of Rivenbark to obtain an order approving his employment prior to performing the services and the absence of evidence of the value of Rivenbark's services, the request for fees should be denied.

WHEREFORE, the United States Trustee for the Western District of Virginia moves this Court to deny approval of the amended application, and for such other and further relief as may seem just and proper.

Dated: 6 January 2010                           Respectfully submitted,

Office of the U.S. Trustee                      W. CLARKSON MCDOW, JR.
210 First Street, Suite 505                     United States Trustee
Roanoke, Virginia 24011                         Region Four
(540) 857-2806

                                                By: */s/ Margaret K. Garber*
                                                Margaret K. Garber (VSB 34412)
                                                Trial Attorney


Certificate of Service

     I hereby certify that a true and correct copy of the foregoing was filed into the CM/ECF system on this the 6th day of January 2010 which caused same to be served on parties registered to receive electronic notice in this matter.  Additionally, I also mailed by first class mail postage pre-paid a copy of the foregoing to James B. Rivenbark, 5725 Oleander Drive, Suite B-3, Wilmington, NC 28403.

                                                */s/ Margaret K. Garber*
                                                Margaret K. Garber